UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIE WALDAL,<br><br>Defendant. | Case No. 4:18-cr-00200-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Julie Waldal's Motion for Early Termination of Supervised Release (Dkt. 50). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In January 2019, Julie Waldal pleaded guilty to one count of possession with intent to distribute methamphetamine. Ms. Waldal was sentenced in January of 2019 to fifty-four months imprisonment followed by four years of supervised release. Ms. Waldal began her term of supervised release in January 2022 and, as of this writing, has completed a year and a half of this term. Her four-year period of supervision will terminate on January 19, 2026. Ms. Waldal's probation officer

does not object to the request for early termination. The government does.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after a defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. 18 U.S.C. § 3583(e)(1). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

While Ms. Waldal has served the requisite year of supervision and has incurred no violations, the Court is not persuaded that early termination is warranted at this time.

Ms. Waldal argues that early termination is warranted because of her "exceptionally good behavior" during supervision. *Motion* at 2, Dkt. 50. She cites her employment and achievements with the company CoreBrace, a structural steel shop, as evidence of her encouraging conduct. *Id.* She has worked for CoreBrace in Pocatello for over a year and is qualified as a lift and forklift operator. *Id.* She is

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

also pursuing additional certification and hopes to work as a crane operator in the future. *Id.*

The Court commends Ms. Waldal on her ambition and accomplishments with CoreBrace. Nonetheless, after considering the factors discussed below, the Court determines that early termination of supervision is not yet warranted.

Before briefly reviewing certain § 3553(a) factors, the Court will address Ms. Waldal's most specific argument for early termination – that continued supervision will impede travel for her prospective job as a crane operator. Ms. Waldal explains that, as a crane operator in Pocatello, she would likely be dispatched to work in surrounding states with short notice. She is concerned that receiving timely permission to travel out of state will be difficult while on supervision. She therefore requests early termination to "further her job opportunities and be able to travel without issue in order to do so." *Motion* at 2, Dkt. 50. While the Court appreciates Ms. Waldal's forethought, her concern – and her motion – is premature. Currently, Ms. Waldal is not yet certified to work as a crane operator, nor does she have a concrete job offer from the union. In other words, at this time, Ms. Waldal's primary basis for seeking early termination of her supervision – the requisite travel of a union crane operator – is only hypothetical.

Moreover, the Court finds that the relevant § 3553(a) factors do not favor early termination. First, regarding the nature and history of the offense, Ms. Waldal

delivered a total of 76.5 grams of mixture methamphetamine to an Idaho State Police Confidential Informant. A search of Ms. Waldal's residence revealed additional quantities of methamphetamine, other substances (marijuana and mushrooms), multiple firearms, and drug paraphernalia. *See Presentence Investigation Report* at 4*,* Dkt. 36. Accordingly, the nature and circumstances of Ms. Waldal's offense favor continued supervision.

Second, concerning Ms. Waldal's history and characteristics, she has a history of substance abuse. She began consuming alcohol and methamphetamine as a teenager and has sustained four convictions for driving under the influence. Her pretrial release in this case was also revoked because she consumed alcohol. *Id.* at 3. There is no doubt that Ms. Waldal has taken great strides towards rehabilitation while under supervision, however, her previous challenges with substance abuse and limited amount of time she has been on supervision weigh against early termination. Continued supervision is not intended to punish Ms. Waldal but rather aid in her continued success. *United States v. Campbell*, No. 1:12-CR-00155-BLW, 2022 WL 3227735, at *2 (D. Idaho Aug. 10, 2022) ("As the Court has said in other cases, the mere fact of supervision can provide an impetus for continued success.")

For these reasons, the Court will deny the motion at this time. Again, the Court applauds Ms. Waldal's performance on supervision, but shares the

government's belief that early termination at this point is premature. That said, the Court is open to reconsidering its decision if Ms. Waldal completes her certifications to become a crane operator and continues to comply with the terms of supervision.

**ORDER**

**IT IS ORDERED that** Defendant Julie Waldal's Motion for Early Termination of Supervision (Dkt. 50) is **DENIED.**

DATED: July 3, 2023

B. Lynn Winmill
U.S. District Court Judge