UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIE WALDAL,<br><br>Defendant. | Case No. 4:18-cr-00200-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

### INTRODUCTION

Before the Court is Defendant Julie Waldal's second Motion for Early Termination of Supervised Release (Dkt. 54). For the reasons explained below, the Court will deny the motion.

### BACKGROUND

In January 2019, Julie Waldal pleaded guilty to one count of possession with intent to distribute methamphetamine. She was sentenced to 54 months of imprisonment followed by four years of supervised release. Ms. Waldal began her term of supervision in January 2022 and has now completed a little over two years. Her period of supervision is scheduled to terminate on January 19, 2026. Ms. Waldal's probation officer does not object to the request for early termination of supervision. The government does.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

(a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## DISCUSSION

This is Ms. Waldal's second motion for early termination of supervision, and it comes just six months after the Court denied her first motion. *See* Dkts. 53, 54. The Court will deny this motion for the reasons set out in its earlier, July 2023 order. The Court will not repeat the entirety of that analysis here as it has not changed. But it will again address Ms. Waldal's most specific argument for early termination, which relates to her prospective job as a crane operator. In her first motion for early termination, Ms. Waldal explained that as a crane operator in

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

Pocatello, she would likely be dispatched to work in surrounding states with short notice. She was concerned that receiving timely permission to travel out of state would be difficult while on supervision. In her currently pending motion, Ms. Waldal explains that she has not yet obtained this type of job. As such, the situation has not changed, other than the passage of six additional months.

The Court again commends Ms. Waldal for her continued, excellent behavior on supervision. In particular, the Court is impressed with Ms. Waldal's ambition and her continued efforts to advance professionally. Still, though, the Court believes Ms. Waldal will continue to benefit from supervision. And it seems likely that even if she does obtain a new job requiring dispatch to surrounding states, Ms. Waldal's probation officer likely would give her permission to travel for those jobs. If travel does becomes problematic, Ms. Waldal may once again seek early termination. But based on the current record, the Court is not persuaded that early termination is warranted at this time.

## ORDER

**IT IS ORDERED that** Defendant Julie Waldal's second Motion for Termination of Supervision (Dkt. 54) is **DENIED.**

DATED: March 25, 2024

B. Lynn Winmill
U.S. District Court Judge